IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHELIA FITZHUGH, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| SUTRA LOUNGE, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Shelia Fitzhugh (hereinafter "Plaintiff"), and files this lawsuit against Defendant Sutra Lounge, LLC (hereinafter collectively "Defendant"), and shows the following:

## JURISDICTION OF VENUE

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages and reasonable attorney's fees and costs for Defendant's failure to pay federally mandated minimum wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 1136 Crescent Avenue, Atlanta, GA, 30309. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## **PARTIES**

5.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 U.S.C. §203(e).

7.

During her employment with Defendant, Plaintiff was not paid the minimum wage for each hour worked.

8.

Defendant employed the named Plaintiff during the relevant time period.

9.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

10.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

11.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## **FACTUAL ALLEGATIONS**

12.

Plaintiff worked for the Defendant from approximately February 2012 to December 2014 as a bartender.

13.

Plaintiff's job duties included preparing and serving drinks to customers.

14.

Defendant did not pay Plaintiff a minimum wage for all hours worked.

15.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## COUNT ONE
## VIOLATION OF THE MINIMUM WAGE REQUIREMENT OF
## THE FAIR LABOR STANDARDS ACT

16.

Defendant has violated 29 U.S.C. §206 by failing to pay the minimum wage for each hour worked by Plaintiff.

17.

Defendant suffered and permitted Plaintiff to routinely work without paying the minimum wage for each hour worked.

18.

Defendant's actions, policies and/or practices violate the FLSA's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff at the required minimum wage.

19.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff the minimum wage in violation of the FLSA.

20.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records

with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

21.

Defendant's conduct was willful and in bad faith.

22.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the minimum wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 USC §§ 207 and 206(d); liquidated damages as provided by FLSA, 29 USC § 216; prejudgment interest on unpaid wages pursuant to FLSA, 29 § 216; and court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA, 29 USC § 216, and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted;

(C) Grant declaratory relief to the effect that Defendant violated Plaintiff's statutory rights; and

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 3rd day of April, 2015.

                        **BARRETT & FARAHANY, LLP**

                        /s/ Abigail Larimer
                        Benjamin F. Barrett
                        Georgia Bar No. 039586
                        Amanda A. Farahany
                        Georgia Bar No. 646135
                        Abigail Larimer
                        Georgia Bar No. 999229
                        *Attorneys for Shelia Fitzhugh*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

/s/ Abigail Larimer
Abigail Larimer
Georgia Bar No. 999229
